**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TUPPERWARE BRANDS CORPORATION, | Case No. 24-12156 (____) |
| Debtor. | |
| Tax I.D. No. 36-4062333 | |
| In re: | Chapter 11 |
| DART INDUSTRIES INC., | Case No. 24-12160 (____) |
| Debtor. | |
| Tax I.D. No. 95-1455570 | |
| In re: | Chapter 11 |
| DEERFIELD LAND CORPORATION, | Case No. 24-12161 (____) |
| Debtor. | |
| Tax I.D. No. 36-3610323 | |
| In re: | Chapter 11 |
| PREMIERE PRODUCTS, INC., | Case No. 24-12162 (____) |
| Debtor. | |
| Tax I.D. No. 36-3534064 | |
| In re: | Chapter 11 |
| TUPPERWARE HOME PARTIES LLC, | Case No. 24-12163 (____) |
| Debtor. | |
| Tax I.D. No. 95-2831671 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE INTERNATIONAL | ) Case No. 24-12164 (___) |
| HOLDINGS CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 59-3608983 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE PRODUCTS AG, | ) Case No. 24-12165 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 98-0596765 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE PRODUCTS, INC., | ) Case No. 24-12166 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 59-3428796 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE U.S., INC., | ) Case No. 24-12167 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 36-3692010 | ) |

2

**MOTION OF DEBTORS
FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion:

**<u>Relief Requested</u>**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**<u>Exhibit A</u>** (the "<u>Order</u>"):  (a) directing procedural consolidation and joint administration of these

chapter 11 cases; and (b) granting related relief.  Specifically, the Debtors request that the Court

(as defined herein) maintain one file and one docket for all of the jointly administered cases under

the case of Debtor Tupperware Brands Corporation and that these chapter 11 cases be administered

under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TUPPERWARE BRANDS CORPORATION, *et al.*,[1] | ) | Case No. 24-12156 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

[1]    The last four digits of Debtor Tupperware Brands Corporation's federal tax identification number are 2333.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Tupperware.  The location of the Debtors' service address in these chapter 11 cases is:  14901 S Orange Blossom Trail, Orlando, FL 32837.

2.      The Debtors further request that the Court order that the foregoing caption satisfies

the requirements set forth in section 342(c)(1) of the Bankruptcy Code (as defined herein).

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Debtor Tupperware Brands Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of: Tupperware Brands Corporation, Case No. 24-12156 (___); Dart Industries Inc., Case No. 24-12160 (___); Deerfield Land Corporation, Case No. 24-12161 (___); Premiere Products, Inc., Case No. 24-12162 (___); Tupperware Home Parties LLC, Case No. 24-12163 (___); Tupperware International Holdings Corporation, Case No. 24-12164 (___); Tupperware Products AG, Case No. 24-12165 (___); Tupperware Products, Inc., Case No. 24-12166 (___); and Tupperware U.S., Inc., Case No. 24-12167 (___). The docket in Case No. 24-12156 (___) should be consulted for all matters affecting this case.

## Jurisdiction and Venue

4.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1.

### Background

7. The Debtors, together with their non-Debtor affiliates, are a global consumer products company that has been designing innovative, functional, and environmentally responsible products since 1946. Now a global staple, Tupperware has more than 7,500 design and utility patents for solution-oriented kitchen and home products.

8. Tupperware is headquartered in Orlando, Florida and employs a global workforce of approximately 5,450 employees in 41 countries. Tupperware also partners with over 465,000 Independent Consultants who comprise the Salesforce to distribute the Company's products into nearly 70 countries. For the fiscal year 2023, Tupperware's revenue was approximately $1.1 billion. As of the Petition Date, the Debtors have approximately $811.8 million in funded debt, inclusive of approximately €196 million in borrowings denominated in Euros and the $8 million of bridge loans.

9. As described more fully in the First Day Declaration, the Debtors commenced these chapter 11 cases to run an expedited bidding process and ultimately seek consummation of one or more value-maximizing sale transactions, with the goal of preserving, among other things, the Tupperware brand, businesses, and workforce to the greatest extent possible. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and the Debtors filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

**Basis for Relief**

10.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtor entities that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

11.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12.     Joint administration is generally uncontroversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors.  *See*, *e.g.*, *In re Vyaire Medical, Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. Jun. 11, 2024) (directing joint administration of chapter 11 cases); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. Apr. 23, 2024) (same);

6

*In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Feb. 14, 2024) (same); *In re MVK Farmco LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Oct. 17, 2023) (same).

13.     Given the integrated nature of the Debtors' operations and that each of the Debtors is liable on all or a portion of the Debtors' funded debt, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies.  This motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest and the relief requested herein should therefore be approved.

## Notice

15.     The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition credit facilities; (d) the office of the attorney general for each of the states in which the Debtors operate; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue

Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A,** (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  September 18, 2024<br>Wilmington, Delaware | */s/ Patrick J. Reilley* |

Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
**COLE SCHOTZ P.C.**
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:        preilley@coleschotz.com
              snewman@coleschotz.com
              mfitzpatrick@coleschotz.com
              jdougherty@coleschotz.com

-and-

Anup Sathy, P.C. (*pro hac vice* pending)
Spencer A. Winters, P.C. (*pro hac vice* pending)
Jeffrey T. Michalik (*pro hac vice* pending)
Gabriela Z. Hensley (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        anup.sathy@kirkland.com
              spencer.winters@kirkland.com
              jeff.michalik@kirkland.com
              gabriela.hensley@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TUPPERWARE BRANDS CORPORATION, | Case No. 24-12156 (___) |
| Debtor. | |
| Tax I.D. No. 36-4062333 | |
| In re: | Chapter 11 |
| DART INDUSTRIES INC., | Case No. 24-12160 (___) |
| Debtor. | |
| Tax I.D. No. 95-1455570 | |
| In re: | Chapter 11 |
| DEERFIELD LAND CORPORATION, | Case No. 24-12161 (___) |
| Debtor. | |
| Tax I.D. No. 36-3610323 | |
| In re: | Chapter 11 |
| PREMIERE PRODUCTS, INC., | Case No. 24-12162 (___) |
| Debtor. | |
| Tax I.D. No. 36-3534064 | |
| In re: | Chapter 11 |
| TUPPERWARE HOME PARTIES LLC, | Case No. 24-12163 (___) |
| Debtor. | |
| Tax I.D. No. 95-2831671 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE INTERNATIONAL | ) Case No. 24-12164 (___) |
| HOLDINGS CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 59-3608983 | ) |
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE PRODUCTS AG, | ) Case No. 24-12165 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 98-0596765 | ) |
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE PRODUCTS, INC., | ) Case No. 24-12166 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 59-3428796 | ) |
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE U.S., INC., | ) Case No. 24-12167 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 36-3692010 | ) **Re:  Docket No. __** |

2

## ORDER (I) DIRECTING JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order"):  (a) directing the joint administration of these chapter 11 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth in this Order.

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-12156 (___).

3.      The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE BRANDS CORPORATION, *et al.*,[1] | ) Case No. 24-12156 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1]  The last four digits of Debtor Tupperware Brands Corporation's federal tax identification number are 2333. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Tupperware.  The location of the Debtors' service address in these chapter 11 cases is:  14901 S Orange Blossom Trail, Orlando, FL 32837.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Debtor Tupperware Brands Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of:  Tupperware Brands Corporation, Case No. 24-12156 (___); Dart Industries Inc., Case No. 24-12160 (___); Deerfield Land Corporation, Case No. 24-12161 (___); Premiere Products, Inc., Case No. 24-12162 (___); Tupperware Home Parties LLC, Case No. 24-12163 (___); Tupperware International Holdings Corporation, Case No. 24-12164(___); Tupperware Products AG, Case No. 24-12165 (___); Tupperware Products, Inc., Case No. 24-12166 (___); and Tupperware U.S., Inc., Case No. 24-12167

(\_\_\_).  The docket in Case No. 24-12156 (\_\_\_) should be consulted
for all matters affecting this case.

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of the Bankruptcy Rules and the Local Rules.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.